**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| ABDUL BARI, | ) | CASE NO.1:09CV2880 |
| | ) | |
| Petitioner, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| Vs. | ) | |
| | ) | |
| JESSIE WILLIAMS, Warden, | ) | MEMORANDUM OF OPINION |
| | ) | |
| Respondent. | ) | |

**CHRISTOPHER A. BOYKO, J:**

This matter comes before the Court on Petitioner Abdul Bari's Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (ECF #1). For the following reasons, the Court accepts and adopts the Magistrate Judge's Report and Recommendation, and denies Petitioner's Petition.

## **FACTS**

The following is a factual synopsis of Petitioner's claims. The Magistrate Judge's Report and Recommendation, adopted and incorporated, provides a more complete and detailed discussion of the facts.

1

On January 22, 2007, Petitioner was charged with two counts of Aggravated Robbery, one count of Tampering with Evidence, and one count of Possessing Criminal Tools. On March 28, 2007, Petitioner was re-indicted on identical charges. The first indictment was later dismissed. On May 22, 2007, represented by counsel, Petitioner entered a guilty plea to both counts of Aggravated Robbery, and the remaining counts were nolled. Petitioner was referred to the Probation Department for a Presentence Investigation Report and to the Court Psychiatric Clinic for a psychological report. On June 27, 2007, Petitioner was sentenced to consecutive terms of seven years on each count of Aggravated Robbery together with five years of Post-Release Control.

On July 24, 2007, Petitioner filed a Motion to Reconsider the Sentence. On October 4, 2007, the Eighth District Court of Appeals allowed a delayed Appeal. On February 8, 2008, Petitioner filed his brief. On July 24, 2008, the Court of Appeals affirmed Petitioner's conviction. On August 24, 2008, Petitioner filed a timely Notice of Appeal with the Ohio Supreme Court. On December 31, 2008, the Appeal was dismissed as not involving any substantial constitutional question.

In the interim, on January 8, 2008, while Petitioner's direct appeal was pending, he filed a Motion for Judicial Release in the trial court. This Motion was unopposed by the State. On May 1, 2008, the Court granted the Motion in part, suspending the consecutive seven-year sentence on Count Two, but ordering Petitioner to serve the remainder of the sentence on Count One. On June 16, 2008, the state filed a Motion to Vacate the Order of Judicial Release. The Court held another hearing on November 3, 2008, at which the parties agreed to a sentence of five years on Count One, consecutive to five years on Count Two.

On December 11, 2009, Petitioner filed a Petition for Writ of Habeas Corpus and asserted the following grounds for relief:

**GROUND ONE:** Conviction was obtained by plea unlawfully induced – trial court was inappropriately involved in plea process when it took plea through specific representations, including leniency and concurrent time, and then failed to honor the same, and further refused to allow petitioner opportunity to withdraw plea in light of said failure to so honor.

**GROUND TWO:** Conviction was obtained by plea unlawfully induced – State violated terms of plea when it failed to stand mute at sentencing.

**GROUND THREE:** Sentence imposed was inconsistent with sentences imposed upon similarly situated persons for similar offenses.

**GROUND FOUR:** Due process was violated when Petitioner's pre-sentence report ("PSI") and psych evaluation report were only provided to trial counsel the morning of the sentencing hearing, particularly in light of said PSI containing materially false statements, to the effect that "subject may be involved in or have knowledge of acts of terrorism due to his name appearing on a terrorist watchlist."

**GROUND FIVE:** Trial court improperly considered factors relating to petitioner's religion in imposition of sentence, and relied on matters not in material fact when running terms consecutively.

**GROUND SIX:** Petitioner's conviction occurred in violation of his right to a fast and speedy trial.

**GROUND SEVEN:** Petitioner's conviction was obtained unlawfully due to state's refusal of discovery to Petitioner, favorable or otherwise.

**GROUND EIGHT:** Petitioner was subjected to double jeopardy when sentenced separately for two crimes of similar import committed with a single animus.

**GROUND NINE:** Guilty plea was not free and knowingly tendered when trial court failed to fully inform Petitioner of all potential consequences of so pleading.

**GROUND TEN:** Conviction was the product of ineffective assistance of counsel.

On May 11, 2010, this Court referred Petitioner's Petition to the Magistrate Judge for a Report and Recommendation. The Magistrate Judge issued his Report and

3

Recommendation on April 11, 2011. On August 11, 2011, Petitioner filed his Objections to the Magistrate's Report and Recommendation.

## **STANDARD OF REVIEW**

When a federal habeas claim has been adjudicated by the state courts, 28 U.S.C. § 2254(d)(1) provides the writ shall not issue unless the state decision "was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States." Further, a federal court may grant habeas relief if the state court arrives at a decision opposite to that reached by the Supreme Court of the United States on a question of law, or if the state court decides a case differently than did the Supreme Court on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-406 (2000). The appropriate measure of whether or not a state court decision unreasonably applied clearly established federal law is whether that state adjudication was "objectively unreasonable" and not merely erroneous or incorrect. *Williams*, 529 U.S. at 409-411.

Pursuant to 28 U.S.C. § 2254(e)(1), findings of fact made by the state court are presumed correct, rebuttable only by clear and convincing evidence to the contrary. *McAdoo v. Elo*, 365 F. 3d 487, 493-494 (6th Cir. 2004). Finally, Rule 8(b)(4) of the Rules Governing §2254 states:

> A judge of the court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify in whole or in part any findings or recommendations made by the magistrate.

4

## **ANALYSIS**

In Grounds One and Two, Petitioner contends that his guilty plea was not voluntary as it was based on a broken plea agreement. Respondent asserts that the record does not support Petitioner's claims of any kind of promises made by the trial court or by the State, but it does support that Petitioner's plea was voluntarily made. The Magistrate Judge correctly points out that the Court of Appeals reviewed the denial of Petitioner's Motion to Withdraw Guilty Plea based on a broken plea agreement, and concluded that he failed to establish the existence of manifest injustice.

Although Petitioner contends that there was an agreement made during in-chamber pretrial negotiations with the judge and the prosecution, the Sixth Circuit recently held that even where both parties acknowledge that an off-the-record agreement exists, the relevant factors advocate in favor of limiting a petitioner's plea agreement to that which was revealed to the state court. *Smith v. Anderson*, –F.3d –, 2011 WL 475195, *5 (6th Cir. Feb. 11, 2011.) ". . . [W]here Rule 11 procedures were fully adequate, absent extraordinary circumstances, or some explanation of why defendant did not reveal other terms, at least when specifically asked to do so by the court, a defendant's plea agreement consists of the terms revealed in open court." *Baker v. United States*, 781 F.2d 85, 90 (6th Cir. 1986), (quoting *Moore v. Estelle*, 526 F.2d 690, 696-697 (5th Cir. 1976)).

The Court agrees with the Magistrate Judge that the trial court was conscientious in informing Petitioner of his rights and inquiring as to any promises or agreements that may have been in existence. Therefore, Petitioner is foreclosed from claiming a secret promise by the trial court or the state regarding his sentence. The Court further finds

5

that the Court of Appeals reasonably applied federal constitutional law in concluding that Petitioner failed to establish manifest injustice regarding the denial of his motion to withdraw his guilty plea. Grounds One and Two are without merit.

In Ground Three, Petitioner contends that his sentence is not commensurate with the sentences of similarly-situated defendants, specifically, his co-defendant. Respondent asserts that Petitioner previously raised this claim by invoking O.R.C. § 2929.11(B), and therefore, it was not fairly presented to the state courts as a federal constitutional claim, and is defaulted. State prisoners must exhaust their state remedies prior to raising claims in federal habeas corpus proceedings. See 28 U.S.C. § 2254(b),(c). This requirement is satisfied "when the highest court in the state in which the petitioner was convicted has been given a full and fair opportunity to rule on the petitioner's claims." *Manning v. Alexander*, 912 F.2d 878, 881 (6th Cir. 1990).

Federal courts will not consider the merits of procedurally defaulted claims, unless the petitioner demonstrates cause for the default and prejudice resulting therefrom, or where failure to review the claim would result in a fundamental miscarriage of justice. See *Lundgren v. Mitchell*, 440 F.3d 754, 763 (6th Cir.2006) (citing *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977)). A claim may become procedurally defaulted in two ways. *Id.* First, a petitioner may procedurally default a claim by failing to comply with state procedural rules in presenting his claim to the appropriate state court. *Id.*; see also *Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986). If, due to petitioner's failure to comply with the procedural rule, the state court declines to reach the merits of the issue, and the state procedural rule is an independent and adequate grounds for precluding relief, the claim is procedurally defaulted. *Id.*

The Magistrate Judge correctly determined upon review of the record, that Petitioner presented this claim as his fifth assignment of error on direct appeal invoking only state law. The Court of Appeals addressed the issue applying state law and concluded that Petitioner failed to establish that he and his co-defendant were similarly situated. Therefore, the Court finds Ground Three to be procedurally defaulted.

In Ground Four, Petitioner contends a due process violation when the trial court denied his counsel adequate time to review the Presentence Investigation Report and a psychological evaluation prior to sentencing. Respondent asserts that Petitioner raised this claim on direct appeal, and, therefore, it is defaulted. The Magistrate Judge correctly determined upon review of the record, that Petitioner presented the issue in Ground Four on direct appeal to the Court of Appeals and the Ohio Supreme Court based only on state law. The Court of Appeals, examining the issue for plain error, concluded that Petitioner's counsel accepted the reports and acknowledged they were substantially correct. The Court agrees with the Magistrate Judge and finds Ground Four is procedurally defaulted.

In Ground Five, Petitioner contends that the severity of his sentence was based on his religious beliefs. Respondent asserts that Ground Five is speculative and lacks support. A petitioner who alleges an equal protection violation under the Fourteenth Amendment has the burden of proving "the existence of purposeful discrimination." *McClesky v. Kemp,* 481 U.S. 279, 292, 107 S.Ct. 1756, 95 L.Ed.2d 262 (1987) (citing *Whitus v. Georgia*, 385 U.S. 545, 550, 87 S.Ct. 643, 17 L.Ed.2d 599 (1967)). The Magistrate Judge correctly points out that at the sentencing hearing, the trial court stated it could not ignore Petitioner's history involving crimes with guns, and that the

consecutive sentences were warranted because of the separate harm to the victims. The Court agrees that Petitioner's conclusory allegations do not meet the purposeful discrimination required under the Equal Protection Clause of the Fourteenth Amendment. The Court finds that Ground Five is without merit.

In Ground Six, Petitioner contends that his speedy trial rights were violated. When the Court of Appeals addressed the issue, it pointed out that no speedy trial objection was raised at the trial court level, and therefore, Petitioner waives all but plain error. The Court of Appeals concluded that Petitioner's right to a speedy trial under state law was not violated.

Petitioner's speedy trial claim also fails under federal constitutional analysis. The Sixth Amendment guarantees that, "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy ... trial ...." U.S. Const. Amend VI. "On its face, the Speedy Trial Clause is written with such breadth that, taken literally, the government would be forbidden to delay the trial of an 'accused' for any reason at all." *Doggett v.United States*, 505 U.S. at 651. However, the Supreme Court has recognized the constitutional right to a speedy trial permits some delays, which, depending on the circumstances of each case, cannot "be quantified into a specified number of days or months." *Barker v. Wingo*, 407 U.S. 514, 521-23, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972); *Matthews v. Sheets*, 2010 WL 537002, *30 (S.D. Ohio Feb. 11, 2010).

In his Report and Recommendation, the Magistrate Judge points out that Petitioner was arrested on December 20, 2006. He requested continuances from the first pretrial scheduled for February 7, 2007, and every subsequent pretrial. Petitioner then requested a trial date of May 22, 2007. Five months elapsed between the arrest

and the plea. This Court agrees with the Ohio Court of Appeals and the Magistrate Judge that there was no unconstitutional speedy trial delay. The Court finds that Ground Six is without merit.

In Ground Seven, Petitioner contends that the prosecution violated state discovery rules. Respondent asserts that clearly-established law holds that a guilty plea prevents a subsequent assertion of a denial of constitutional rights. Petitioner raised this claim on direct appeal as a violation of *Brady v. Maryland*, 373 U.S. 83 (1963) for failure of the State to turn over any exculpatory material. The Court of Appeals overruled the claim.

The Magistrate Judge correctly asserts that the United States Supreme Court emphasizes that a criminal defendant, who has pled guilty on the advice of counsel, waives any non-jurisdictional, constitutional challenge he might have and may attack only the nature of his plea:

> [A] guilty plea represents a break in the chain of events which has preceded it in the criminal process. When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea. He may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within the standards set forth in McMann.

*Tollett v. Henderson*, 411 U.S. 258, 267, 93 S.Ct. 1602 (1973).

The Court agrees that based on the standard set forth in *Tollett* and subsequent cases, the Court of Appeals reasonably applied federal constitutional law. Therefore, Ground Seven is without merit.

In Ground Eight, Petitioner contends that he was subjected to double jeopardy when he was sentenced separately for two crimes of similar import that were committed

9

with a single animus. Respondent asserts that as state law determines how one is charged, Petitioner's argument is not cognizable in federal habeas. The Double Jeopardy Clause of the Fifth Amendment, made applicable to the states through the Fourteenth Amendment, provides that no person shall "be subject for the same offence to be twice put in jeopardy of life or limb." U.S. Const. Amend. V; *Monge v. California*, 524 U.S. 721, 727-28, 118 S.Ct. 2246, 141 L.Ed.2d 615 (1998). It protects against successive prosecutions for the same offense after acquittal or conviction and against multiple criminal punishments for the same offense. *Monge*, 524 U.S. at 727-28.

In his Objections to the Magistrate's Report and Recommendation, Petitioner re-states his belief that both convictions were part of the same act and that the state appellate court's determination is wrong. The Magistrate Judge correctly concluded that the Court of Appeals was correct in their finding that the trial court did not err in sentencing Petitioner for each offense, citing the finding of the Ohio Supreme Court "that when a defendant commits aggravated robbery against different victims during the same course of conduct, a separate animus exists for each offense." *State v. Byrd*, 32 Ohio St.3d 79, 85, 512 N.E.2d 611 (1987); see also *State v. Battle*, Franklin App. No. 03AP-39, 2003-Ohio-4687. The Court agrees with the Magistrate Judge and finds that Ground Eight is without merit.

In Ground Nine, Petitioner contends that his guilty plea was not free and knowingly tendered because the trial court did not inform him of Ohio's Post-Release Control statute. Respondent asserts that this ground is non-cognizable as it involves the application of state law. Petitioner presented this claim on direct appeal as a state law violation. The Court of Appeals found that the trial court substantially complied with

10

the requirements of Crim.R. 11(C) and R.C. 2943.032 when informing Petitioner of the Post-Release Control requirements.  To be entitled to relief in federal habeas corpus a petitioner must establish that there has been an infringement of a right guaranteed under the United States Constitution. *Clemmons v. Sowders*, 34 F.3d 352, 357 (6th Cir. 1994).

The Magistrate Judge correctly determined that the trial court advised Petitioner of his Post-Release Control requirements, and the Court of Appeals determined the notice requirements were adequate.  The Court finds Petitioner has failed to show a denial of fundamental rights, and therefore, Ground Nine is without merit.

In Ground Ten, Petitioner contends he was provided ineffective assistance of counsel, relating to preliminary procedural matters, his plea, and sentencing.  To prevail on a claim that a plea was unknowing or unintelligent because of ineffective assistance of counsel, the petitioner must establish ineffective assistance according to the rubric set forth in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). *Hill v. Lockhart*, 474 U.S. at 57-58.

To establish ineffective assistance of counsel, a petitioner must demonstrate that counsel's conduct was so below acceptable standards of representation that he or she was not functioning as "counsel" guaranteed by the Sixth Amendment to the United States Constitution.  *See Strickland*, 466 U.S. at 668; *United States v. Bavers*, 787 F.2d 1022 (6th Cir. 1985).  Second, a petitioner must demonstrate that trial counsel's performance prejudiced the petitioner's defense to such an extent that it rendered the proceeding unfair. *Id.*  To establish prejudice, the "defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the

11

proceeding would have been different." *Id.* at 694; *United States v. Morrow*, 977 F.2d 222, 229 (6th Cir. 1992) (counsel's deficient performance must have "caused the defendant to lose what he otherwise would probably have won" and it must have been "so manifestly ineffective that defeat was snatched from the hands of probable victory.")

This case is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254. See *Lindh v. Murphy*, 521 U.S. 320, 326-27, 337 (1997). The relevant provisions of AEDPA state:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

On direct appeal, the Court of Appeals concluded that Petitioner's counsel was not deficient in his performance and Petitioner was not prejudiced in any way.  In his Report and Recommendation, the Magistrate Judge thoroughly addressed Petitioner's multiple claims of ineffective assistance.  The Magistrate Judge points out that the negotiated plea was placed on the record and Petitioner, after being given the opportunity, never indicated to the court that additional incentives for his plea existed. In his Objections to Magistrate's Report and Recommendation, Petitioner now claims the trial court used misleading language when questioned, and he was not able to distinguish between "open court and on the record."   The Court of Appeals found that

12

the terms of the plea agreement were made clear to Petitioner, including the possible term of incarceration, and that no other promises were made.  The plea was placed on the record and Petitioner agreed to the terms.

The Court agrees with the Magistrate Judge's conclusion that given the level of deference that the AEDPA ascribes to state court rulings, the state appellate court's decision is neither contrary to, nor an unreasonable application of, *Strickland v. Washington* and *Hill v. Lockhart*.  The Court agrees that Petitioner has failed to show that there is a reasonable probability the result of his case would have been different had his counsel done all that Petitioner now complains about.  In the absence of facts beyond mere conclusory allegations, this Court finds Petitioner has failed to meet his burden under *Strickland*, showing his attorney's performance was unreasonable.  Therefore, the Court finds that Ground Ten is without merit.

For the foregoing reasons, the Court finds the Magistrate Judge's Report and Recommendation accurately and thoroughly addresses Petitioner's arguments.   The Court **ADOPTS** and **ACCEPTS** the Magistrate Judge's well reasoned Report and Recommendation and denies Petitioner's Petition Under 28 U.S.C. §2254 for Writ of Habeas Corpus by a Person in State Custody.

The Court finds an appeal from this decision could not be taken in good faith. 28 U.S.C. § 1915 (a)(3).  Since Petitioner has not made a substantial showing of a denial of a constitutional right directly related to his conviction or custody, the Court declines to issue a certificate of appealability. 28 U.S.C. § 2253 (c)(2); Fed. R. App. P. 22(b).

IT IS SO ORDERED.

Date:8/18/2011
s/Christopher A. Boyko
CHRISTOPHER A. BOYKO
United States District Judge